# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANCINE A. MCGEE,

    Plaintiff(s),

v.

CITIMORTGAGE, et al.,

    Defendant(s).

2:14-CV-335 JCM (CWH)

## ORDER

Presently before the court is a motion to dismiss filed by defendant CitiMortgage, Inc. ("CMI"). (Doc # 4). Plaintiff Francine McGee filed a response in opposition (doc. # 20), and CMI filed a reply (doc. # 23).

Also before the court is a motion to dismiss filed by defendant Nationstar Mortgage, LLC ("Nationstar"). (Doc. # 5). Plaintiff filed a response in opposition (doc. # 21), and Nationstar filed a reply (doc. # 26).

**I.    Background**

Plaintiff purchased real property located at 6583 Mermaid Circle in Las Vegas, Nevada in September of 2006 for $432,500.00. (Doc. # 1-1 at p. 5-6). Plaintiff secured financing from PHH Mortgage Company with first and second mortgages. (Doc. # 1-1 at p. 6). The first mortgage was for $346,000.00 and was secured by a deed of trust encumbering the property. (Doc. # 1-1 at p. 6).

. . .

**James C. Mahan**
**U.S. District Judge**

In October of 2008 CMI was assigned the interest in the deed of trust. (Doc. # 5 at p. 2). CMI then assigned the interest to defendant Federal National Mortgage Association ("Fannie Mae") on April 26, 2010. (Doc. # 5 at p. 2).

First American Title was the original trustee named in the deed of trust. (Doc. # 101 at p. 6). In October 2009, defendant Cal-Western Reconveyance Corporation (Cal-Western) was substituted as trustee. (Doc. # 1-1 at p. 6, doc. # 5 at p. 2). On October 22, 2009, Cal-Western recorded a notice of default with the Clark County recorder. (Doc. # 1-1 at p. 7, doc. # 5 at p. 2). On April 28, 2010, a foreclosure sale was held and the title was conveyed to Fannie Mae by the trustee's deed upon sale for $357,705.43. (Doc. # 21 at p. 2).

Fannie Mae filed a notice of recession of trustee's deed upon sale with the Clark County recorder on November 7, 2011. (Doc. # 1-1 at p. 8). The trustee's deed was rescinded by Cal-Western due to "inadvertence and mistake" and Fannie Mae "did not accept delivery of the Trustee's Deed Upon Sale." (Doc. # 4 at p. 2, doc. # 5 at p. 2).

Plaintiff filed a complaint in the Clark County district court and defendants removed. (Doc. # 1). Plaintiff's suit seeks to quiet title on the property and obtain declaratory relief that the property is vested in her "free and clear of all claims of [d]efendants." (Doc. # 1-1 at p. 9).

CMI and Nationstar have moved to dismiss for failure to state a claim upon which relief can be granted. (Docs. # 4, 5).

**II.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to

1  relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

2  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

**III.  Discussion**

Defendants argue that plaintiff's complaint has failed to state a claim for which relief can be granted because as a matter of law plaintiff is the title owner of the property and the defendant's deed of trust remains in effect. (Doc. # 4 at p. 5-6, doc. # 5 at p. 4). Plaintiff argues that because she is seeking a judicial determination of the validity of any interests or encumbrances, the case must be allowed to move forward. (Doc. # 20 at p. 3, doc. # 21 at p. 4).

In Nevada, the rescission of a contract generally restores the parties to the status quo. *See Mackintosh v. California Federal Sav. & Loan Ass'n*, 935 P.2d 1154, 1163. "To place a party in status quo means to place such party in the same position as he was situated in at the time of the execution of the contract." *Id.* (quoting 17A C.J.S. *Contracts* § 438 (1963)).

Cal-Western and Fannie Mae agreed to rescind the trustee's deed upon sale. Therefore, the parties returned to the point they were at before the execution of the trustee's deed upon sale. As such, the encumbrance on the property remains as it was and plaintiff's claim for quiet title fails.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Plaintiff is also seeking declaratory relief that the rescission somehow extinguished
2  defendants' interest in the property. Plaintiff has not supported this argument with any points or
3  authorities as required by the local rules, and the court has not found any. *See* LR 7-2(d) ("The
4  failure of an opposing party to file points and authorities in response to any motion shall constitute
5  a consent to the granting of the motion."). Accordingly, the court will grant defendants' motions to
6  dismiss.

7  Accordingly,

8  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that CMI's motion to dismiss
9  (doc. # 4) be, and the same hereby is, GRANTED.

10  IT IS FURTHER ORDERED that Nationstar's motion to dismiss (doc. # 5) is GRANTED.

11  DATED July 25, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -