UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANCINE A. McGEE,<br><br>                           Plaintiff,<br><br>        v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>                           Defendants. | Case No. 2:14-cv-00335-JCM-GWF<br><br>ORDER |

Presently before the court is plaintiff Francine McGee's motion for reconsideration. (Doc. # 28). Plaintiff requests that the court reconsider its July 25, 2014 order dismissing both of plaintiff's claims against defendants. (Doc. # 27). Defendants Nationstar and CitiMortgage filed oppositions. (Docs. ## 30, 31). Plaintiff did not file a reply.

**I.     Background**

Plaintiff purchased real property located at 6583 Mermaid Circle in Las Vegas, Nevada in September 2006 for $432,500. (Doc. # 1-1 at ¶¶ 1, 8). Plaintiff secured financing for the purchase from PHH Mortgage Company with first and second mortgages. (Doc. #1-1 at ¶¶ 10-11). The first mortgage loan was a 30-year promissory note in the amount of $346,000, secured by a deed of trust on the property. *Id.* The second mortgage loan was a 15-year promissory note in the amount of $43,250, also secured by a deed of trust on the property. *Id.* Both deeds of trust named PHH Mortgage as the lender, First American Title as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. (Doc. # 1-1 at ¶ 12)

On or about November of 2008, CitiMortgage represented to plaintiff that it was the servicer of her loans. (Doc. # 1 Ex. A at ¶ 14). In October 2009, MERS assigned the beneficial interest in the property to CitiMortgage, (doc. # 5 p. 2), and First American Title substituted Cal-

1  Western Reconveyance Corporation (Cal-Western) as trustee.  (Doc. # 5 p. 2).  On October 22, 2009, Cal-Western recorded a notice of default with the Clark County recorder.  (Doc. #1-1 at ¶ 16, doc. # 5 p. 2).  On April 28, 2010, Cal-Western conducted a trustee sale.  The trustee's deed upon sale conveyed the title to Fannie Mae for $357,705.43.  (Doc. # 21 p. 2).

Fannie Mae filed a notice of rescission of the trustee's deed upon sale with the Clark County recorder on November 7, 2011.  (Doc. #1-1 at ¶ 26).  Cal-Western and Fannie Mae canceled and rescinded the trustee sale due to "inadvertence and mistake."  (Doc. #4 p. 2).  The rescission purported to reinstate the deed of trust as though the trustee's deed upon sale had never been issued or recorded.  (Doc. # 1-1 Ex. 6).

Plaintiff has alleged two causes of action: (1) quiet title and (2) declaratory relief that the property is vested in her free and clear of any encumbrances.  (Doc. # 1-1 p. 9).  This court's July 25, 2014 order granted defendants' motions and dismissed both claims.  (Doc. # 27).

**II.     Legal Standard**

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment.  *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

While a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, 2013 WL 508326, at *6 n.6 (D. Nev. 2013); *see also Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).

**III.    Discussion**

Plaintiff fails to satisfy the legal standard to warrant the court's reconsideration of its order granting dismissal.  Plaintiff fails to address either claim dismissed by the July 25, 2014 order.

2

Instead, plaintiff argues that reconsideration is warranted because of newly discovered evidence supporting plaintiff's fraud claim. Plaintiff has not made a claim for fraud in this action. Accordingly, this court's July 25, 2014 order did not address fraud. Even if the deposition testimony proffered by plaintiff is newly discovered evidence, which the court need not consider, it has absolutely no bearing on plaintiff's claims for quiet title and declaratory relief. The testimony goes only to alleged misrepresentations made by CitiMortgage representatives to plaintiff. (Doc. # 28 p. 3-6).

In Nevada, the rescission of a contract generally restores the parties to the status quo. *See Mackintosh v. California Federal Sav. & Loan Ass'n*, 935 P.2d 1154, 1163 (Nev. 1977). "To place a party in status quo means to place such party in the same position as he was situated in at the time of the execution of the contract." *Id.* (quoting 17A C.J.S. Contracts § 438 (1963)).

Cal-Western and Fannie Mae rescinded the trustee's deed upon sale. Therefore, the parties returned to the same positions there were in before the execution of the trustee's deed upon sale. As such, any encumbrance on the property remains unchanged. (Doc. # 27 p. 3). Plaintiff's motion for reconsideration does not allege any new facts to support that the trustee's deed of sale was defective. Likewise, plaintiff has not offered any new evidence or points and authorities to support her claim that the sale or subsequent rescission somehow extinguished any encumbrances on the property. Because plaintiff has provided no newly discovered evidence to support her claims for quiet title and declaratory relief, reconsideration of the court's decision to dismiss those claims is not warranted.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Francine McGee's motion for reconsideration, (doc. # 28), be, and the same hereby is, DENIED

DATED THIS 27th day of October 2014.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

3